IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIC B. SMITH, et al.,

    Plaintiffs,

      v.

WILLIS INSURANCE SERVICES
OF GEORGIA, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:11-CV-756-TWT

ORDER

This is a breach of contract action.  It is before the Court on the Plaintiffs'

Motion to Remand [Doc. 7].  For the reasons set forth below, the Court GRANTS the

Plaintiffs' motion.

## I. Background

This litigation arises from several restrictive covenants signed by William

Moody and Eric Smith.  Until January 17, 2011, Moody and Smith were employed by

Willis Insurance Services of Georgia, Inc. ("Willis GA"), a Georgia corporation.

After leaving Willis GA, Moody and Smith began working for Marsh USA, Inc.

("Marsh"), a Delaware corporation.  Both Smith and Moody are residents of Georgia.

Willis GA is a subsidiary of Willis Group Holdings Public Limited Company

T:\ORDERS\11\Smith\11cv756\mrtwt.wpd

("WGH"), a corporation organized under the laws of Ireland with its principal place of business in London, England.

While employed by Willis GA, Moody and Smith signed several agreements, including a 1994 Employment Agreement, a 2009 Employment Agreement, and several Option Agreements. (<u>See</u> Murphy Aff., Ex. 1; Doc. 1-4.)  These agreements included restrictive covenants that prohibited Moody and Smith from soliciting or performing services for clients with whom they did business while working for Willis GA. Further, the agreements prohibited Mood and Smith from disclosing Willis GA's confidential information.  In January 2011, WGH sued the Plaintiffs in New York state court (the "New York Action").  (<u>See</u> Compl., Ex. A.)  The New York Action alleges that Moody and Smith have violated the restrictive covenants in the Option Agreements and that Marsh has tortiously interfered with those agreements.

On February 14, 2011, Moody, Smith, and Marsh filed this declaratory judgment action against Willis GA and WGH in the Superior Court of Fulton County [Doc. 1-1].  The Plaintiffs seek a declaration that the restrictive covenants in the Option Agreements and 1994 and 2009 Employment Agreements are unenforceable. <u>Id.</u>  In letters dated February 28, 2011 and March 9, 2011, Willis GA promised that it would not enforce the restrictive covenants in the Option or Employment Agreements [<u>See</u> Doc. 1-4].  Also, Brian Morgan, the President and CEO of Willis

GA, represented that Willis GA would not seek to enforce the restrictive covenants. (See Morgan Aff., Ex. 3; Doc. 1-4.)  On March 10, 2011, the Defendants removed the action to this Court [Doc. 1].  The Plaintiffs  have filed a Motion to Remand [Doc. 7], contending that the parties are not diverse and that the Defendants have not established more than $75,000 in controversy.

## II.   Motion to Remand Standard

In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.  Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1999) (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)). The burden of establishing fraudulent joinder is a heavy one.  Id.  Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper, and the case should be remanded to state court. Id. Indeed, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court. Crowe, 113 F.3d at 1538.   In  making  its  determination,  the  district  court  must  evaluate  factual

allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor.  Pacheco de Perez, 139 F.3d at 1380.

### III.  Discussion

A.     Jurisdiction

The Plaintiffs argue that diversity of citizenship is lacking because Willis GA is a Georgia corporation. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332.  Here, Willis GA, Moody, and Smith are residents of Georgia. Nevertheless, the Defendants claim that diversity exists because Willis GA was fraudulently joined.  "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).   "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Id.  "The federal court makes these determinations based on the plaintiff's pleadings at the time of removal."  Id.; see also Powers v. Chesapeake & O. Ry. Co., 169 U.S. 92, 101-102

(1898) (allowing removal where parties were not diverse at time of filing, but were diverse at time of removal).

The Defendants argue that Willis GA is not a signatory or third-party beneficiary to the Option Agreements.  Thus, the Defendants contend, there is no possibility that the Plaintiffs can maintain a declaratory judgment action because Willis GA does not have standing to enforce the restrictive covenants.  Willis GA is, however, party to the 1994 and 2009 Employment Agreements.  (See Murphy Aff., Ex. 1; Doc. 1-4.) These agreements contain nonsolicitation and nondisclosure clauses. Further, unlike the New York Action, the Employment Agreements are at issue in this lawsuit.  (See id.; Compl. ¶¶ 26-29; 31-35.)  Thus, for purposes of this motion, the Court need not decide whether Willis GA is a third-party beneficiary to the Option Agreements.

The Defendants, however, argue that there is no justiciable dispute because Willis GA has promised that it will not enforce the restrictive covenants in the 1994 and 2009 Employment Agreements [See Doc. 1-4].  In Chattahoochee Bancorp, Inc. v. Roberts, 203 Ga. App. 405 (1992), the plaintiff employer filed suit seeking a declaration that an employment contract was invalid.  The employer, however, had already repudiated the employment contract in response to the defendant employee's demand.  The court held that a declaratory judgment action was improper, reasoning

that "the rights and obligations of the parties pursuant to the agreement have accrued, [the plaintiff] is seeking confirmation of actions it has already taken and declaratory relief is improper." Id. at 406.

Here, unlike Chattahoochee, the Defendants have promised not to enforce the restrictive covenants. Whereas the plaintiff in Chattahoochee had already selected a course of conduct by repudiating the employment contract, the Plaintiffs here still face uncertainty.[1] Although Willis GA has promised not to enforce the restrictive covenants, this promise may not be enforceable under state law. Indeed, the representations made by Willis GA's counsel are not supported by consideration. See O.C.G.A. § 13-3-40(a) ("A consideration is essential to a contract which the law will enforce."). In any event, the enforceability of Willis GA's representations is at least arguable. See Crowe, 113 F.3d at 1538 ("When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."). Although the Plaintiffs' claim against Willis GA may ultimately fail, there is at least "a possibility that a [Georgia] court [will] find that the complaint states a cause of action." Id. Thus, Willis GA was not

---

[1] To the extent that the Defendants claim that the Plaintiffs' declaratory judgment action should be dismissed because Moody and Smith have already violated the restrictive covenants, this argument addresses the merits of the Plaintiffs' claim. See Crowe, 113 F.3d at 1538 ("When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim.").

fraudulently joined.[2]  Further, because  Smith, Moody, and Willis GA are all citizens

of Georgia, diversity does not exist.  For this reason, the action is remanded to the

Superior Court of Fulton County.

      B.    <u>Attorney's Fees</u>

The Plaintiffs request attorney's fees and costs related to the Defendants'

improper removal.  "Absent unusual circumstances, courts may award attorney's fees

under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively

reasonable basis for seeking removal."  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S.

132, 141 (2005).  Here, as discussed above, there is "a possibility that a state court

[will] find that the complaint states a cause of action against" Willis GA.  <u>Crowe</u>, 113

F.3d at 1538 (quoting <u>Coker v. Amoco Oil Co.</u>, 709 F.2d 1433, 1440-41 (11th Cir.

1983)).  Nevertheless, after having promised not to enforce the 1994 and 2009 Option

Agreements, the Defendants had a reasonable, if mistaken, basis for removing the

action to this Court.  For this reason, the Plaintiffs' request for attorney's fees and

costs is denied.

---

      [2]Having found that diversity does not exist, the Court need not decide whether
the Defendants have established $75,000 in controversy.

## IV.  <u>Conclusion</u>

For the reasons set forth above, the Court GRANTS the Plaintiffs' Motion to

Remand [Doc. 7].

SO ORDERED, this 13 day of July, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge